IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN JOSEPH,<br><br>        Plaintiff,<br><br>        v.<br><br>BANK OF AMERICA CORPORATION, *et al.*,<br><br>        Defendants. | Case No. 17-cv-05793<br><br>Honorable Ruben Castillo |

**DEFENDANTS BANK OF AMERICA CORPORATION AND BANK OF AMERICA MORTGAGE SECURITIES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF CHRISTIAN JOSEPH'S COMPLAINT**

Defendants Bank of America Corporation ("BAC") and Bank of America Mortgage Securities Inc. ("BAMS") (collectively "Defendants"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff Christian Joseph's Complaint filed on August 9, 2017 (the "Complaint" or "Compl."), with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a cognizable claim.

**INTRODUCTION**

After enjoying the benefit of a home equity line of credit from Bank of America, N.A. ("BANA") in the amount of $152,500.00 (the "Loan") for almost ten years, Plaintiff now seeks to rescind the Loan to avoid any repayment obligations and attempts to hold Defendants—who were not parties to the underlying promissory note or mortgage executed by Plaintiff and his now ex-wife Agnes Joseph ("Plaintiff's Ex-Wife" or "Ex-Wife")—liable for alleged negligence in relation to the origination of the Loan in 2007. *See generally* Compl. As explained below,

Plaintiff's claims for rescission and negligence are time-barred and otherwise fail as a matter of law.

## FACTUAL BACKGROUND

On September 17, 2007, BANA loaned Plaintiff and his Ex-Wife $152,500.00 in the form of a home equity line of credit. *See generally* Compl. In exchange for the Loan, Plaintiff and his Ex-Wife executed a promissory note in favor of BANA (the "Note") and granted a mortgage on the property located at 22042 W. Plymouth Circle, Plainfield, Illinois (the "Property") in favor of BANA to secure the Note (the "Mortgage"). Copies of the Note and Mortgage are attached hereto as **Exhibits A** and **B**, respectively.[1] A notary public notarized Plaintiff and his Ex-Wife's signatures on the Mortgage. *See* **Ex. B**. Defendants were not parties to the Note or Mortgage. *See* Compl., Ex. 3 (confirming Defendants were not parties to the Mortgage); *see* also **Ex. A and Ex. B** (confirming Defendants were not parties to the Note or Mortgage). Nonetheless, in an effort to avoid his Loan repayment obligations, Plaintiff alleges in the Complaint that his Ex-Wife forged his signature "on the loan application and documents," and he seeks to rescind the Loan and hold Defendants liable for negligence on this basis. Compl. ¶ 12. Plaintiff fails to state a plausible claim for relief.

## LEGAL STANDARD

### I. APPLICABLE LEGAL STANDARD FOR DISMISSAL PURSUANT TO RULE 12(B)(6)

To survive a Rule 12(b)(6) motion: (1) the complaint must describe the claim in sufficient

---

[1] The Court may consider the Note (Ex. A) and Mortgage (Ex. B) because they are referred to in the Complaint and are central to Plaintiff's case. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Moreover, the Court may take judicial notice of the Mortgage because it is recorded in the Will County Recorder's Office and is a matter of public record. *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997).

detail to give the defendant fair notice of what the claim is and the grounds on which it rests; and (2) its allegations must plausibly suggest that the plaintiff has the right to relief, raising that possibility above a speculative level. *See Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.* In requiring plausibility of a claim for relief, a plaintiff is not held to a "probability requirement," but the plaintiff must still plead more than a "sheer possibility that a defendant acted unlawfully." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that only pleads facts that are "merely consistent with" liability fails to cross the line from "possibility" to "plausibility." *Id.*

## ARGUMENT

**I. PLAINTIFF'S RESCISSION CLAIM (COUNT I) FAILS AS A MATTER OF LAW.**

**A. There Is No Contract with Defendants to Cancel or Rescind.**

" '[R]escission' is the cancelling of a contract so as to restore the parties to their initial status." *Ill. State Bar Ass'n Mutual Insurance Co. v. Coregis Insurance Co.*, 355 Ill.App.3d 156, 165 (1st Dist. 2004). Plaintiff's claim for rescission against Defendants fails as a matter of law because Plaintiff does not and cannot identify any contract between himself and Defendants to cancel or rescind. *See generally* Compl. Instead, Plaintiff references the Note and Mortgage and seeks to cancel or rescind those agreements. *Id*. But Plaintiff's attempt to rescind the Note and Mortgage by asserting a claim for rescission against Defendants misses the mark because Defendants were not parties to the Note or Mortgage, and Plaintiff does not and cannot allege

otherwise.  *See* Compl., Ex. 3 (confirming Defendants were not parties to the Mortgage); *see* also **Ex. A and Ex. B** (confirming Defendants were not parties to the Note or Mortgage).  Simply put, there is no contract between Plaintiff and Defendants for Plaintiff to cancel or rescind, and Plaintiff's attempt to rescind the Note and Mortgage by asserting a claim against Defendants—who were not parties to those agreements—falls short.  The Court should, therefore, dismiss Plaintiff's rescission claim against Defendants with prejudice.

### B.  Plaintiff's Rescission Claim Is Time Barred.

Even if Plaintiff could assert a claim for rescission against non-parties to the Note and Mortgage—which he cannot—or asserted his rescission claim against the appropriate party, any such rescission claim would fail as a matter of law because the time for rescission has long since expired.  A party seeking to rescind a contract must do so promptly and a party's failure to promptly rescind a contract will result in the dismissal of a rescission claim.  *Kole v. Village of Norridge*, 941 F.Supp.2d 933, 960 (N.D. Ill. April 19, 2013) (dismissing rescission claim where the party seeking to rescind waited seven months to rescind); *Kanter v. Ksander*, 344 Ill. 408, 415 (Ill. Sup. Ct. 1931) (affirming dismissal of a rescission claim where the party seeking to rescind waited 11 months to rescind); *Huiller v. Ryan*, 306 Ill. 88, 94 (1922) (affirming dismissal of a rescission claim where the party seeking to rescind waited 18 months to rescind); *Foston v. Swanson*, 306 Ill. 518, 523-524 (Ill. Sup. Ct. 1923) (affirming dismissal of a rescission claim where the party seeking to rescind waited more than 2 years to rescind); *Mock v. Higgins*, 3 Ill.App.2d 281, 298 (Ill. App. 2d Dist. 1954) (affirming dismissal of a rescission claim to where the party seeking to rescind waited more than 4 years to rescind); *Schoenbrod v. Rosenthal*, 36 Ill.App.2d 112, 121 (Ill. App. 1st Dist. 1962) (affirming dismissal of a rescission claim to where the party seeking to rescind waited almost 5 years to rescind).

Here, Plaintiff purports to rescind the Loan, Note, and Mortgage based on his allegation that his Ex-Wife forged his signature on the Mortgage. *See generally* Compl. Because the Loan originated on September 7, 2007 and the Note and Mortgage were signed that day, and because Plaintiff did not seek to rescind the Loan until he filed the instant Complaint on August 9, 2017—almost ten years after the Loan originated—his claim for rescission is time-barred. *See* Compl., Ex. 3 (confirming the Loan originated on September 17, 2007 and that the Mortgage was executed on September 17, 2007); *see* also **Ex. A and Ex. B** (confirming the Loan originated on September 17, 2007 and that the Note and Mortgage were signed that day).

Moreover, it is well-established that an "unreasonable delay in taking the necessary steps to set aside a fraudulent contract will have the effect of affirming it." *Ill. State Bar Ass'n Mutual Insurance Co.*, 355 Ill. App. 3d at 165. Here, because Plaintiff did not promptly seek to rescind the Loan—but instead waited almost ten years to seek to rescind—meanwhile enjoying the benefit of the $152,500 Loan for those ten years—he is deemed to have affirmed the Loan (including the Note and Mortgage) an is not entitled to rescind the Loan. *Id*.

For all of these reasons, Plaintiff's rescission claim fails as a matter of law, and the Court should dismiss it accordingly, with prejudice.

### C. Plaintiff Does Not Offer to Repay the $152,500 Loan.

As explained, rescission "is the cancelling of a contract so as to restore the parties to their initial status." *Ill. State Bar Ass'n Mut. Ins. Co.*, 355 Ill. App. 3d at 165. A party seeking rescission therefore "must restore the other party to the status quo existing at the time the contract was made." *Id*. (quoting *Int'l Ins. Co. v. Sargent & Lundy*, 242 Ill. App. 3d 614 (1st Dist. 1993). "A plaintiff desiring to rescind a contract must . . . offer to return the value of the consideration received or otherwise return the other party to the status quo ante." *Ahern v.*

*Knecht*, 202 Ill. App. 3d 709, 715-716 (2nd Dist. 1990). In the Complaint, Plaintiff entirely ignores this required element of a rescission claim because he does not and cannot allege that he is ready, willing, and able to repay the $152,500.00 he and his Ex-Wife received when they took out the Loan. *See generally* Compl. Without plausibly alleging that he will repay or return the $152,500.00 in Loan funds provided by the lender if the Loan were to be rescinded—which would be required to restore the parties to the Note and Mortgage to their initial status, Plaintiff's rescission claim falls short and cannot survive a Rule 12(b)(6) motion to dismiss. *See Kole*, 941 F.Supp.2d at 960 (dismissing rescission claim where the party seeking to rescind could "not plausibly suggest that the parties can be restored to their initial status"). Thus, the Court should dismiss Plaintiff's rescission claim with prejudice.

## II. PLAINTIFF'S NEGLIGENCE CLAIM (COUNT II) FAILS AS A MATTER OF LAW.

### A. Plaintiff's Negligence Claim Is Time-Barred.

Plaintiff purports to state a claim for negligence against Defendants based on the September 17, 2007 origination of the Loan. *See* Compl., Ex. 3 (confirming the Loan originated on September 17, 2007 and that the Mortgage was executed on September 17, 2007); *see also* **Ex. A and Ex. B** (confirming the Loan originated on September 17, 2007 and that the Note and Mortgage were signed that day). Even if Defendants—who are not parties to the Note and Mortgage—could somehow be held liable for alleged negligence concerning the origination of the Loan (which they cannot), Plaintiff's negligence claim still would fail because it is barred by the two year statute of limitations for negligence claims sounding in personal injury. *See* 735 ILCS 5/13-202. Because the Loan originated on September 17, 2007, and because Plaintiff did not commence this action until August 9, 2017—almost ten years after the Loan originated— Plaintiff's negligence claim is time-barred under the applicable two year statute of limitations.

Thus, the court should dismiss Plaintiff's negligence claim with prejudice.

### B. Even If Not Time-Barred, Plaintiff's Negligence Claim Still Fails as a Matter of Law Because Defendants Owed No Duty to Plaintiff.

Even if Plaintiff's negligence claim was not time-barred, which it clearly is, Plaintiff's claim still would fail as a matter of law because Defendants owed no duty to Plaintiff. To establish a claim for negligence against Defendants, Plaintiff must prove that (1) Defendants owed him a duty; (2) Defendants breached that duty; and (3) Defendants' breach factually and legally caused Plaintiff's injuries. *See Jones v. Polish Falcons of City of Chicago Heights*, 244 Ill.App.3d 348, 351 (1st Dist. 1993).

Here, Plaintiff does not and cannot offer a single fact to establish Defendants owed him any duty in relation to the origination of the Loan, nor can he because Defendants were not parties to the Note or Mortgage, thus had no duty surrounding the origination of the Loan. *See* Compl., Ex. 3 (confirming Defendants were not parties to the Mortgage); *see* also **Ex. A and Ex. B** (confirming Defendants were not parties to the Note and Mortgage). Furthermore, it is well settled that "Illinois does not, and would not recognize a general duty of care owed by lenders to borrowers . . ." and that "a conventional mortgagor-mortgagee relationship standing alone does not give rise to a fiduciary or confidential relationship." *LaSalle Bank Nat'l Assoc. v. Paramount Properties*, 588 F.Supp.2d 840, 853 (N.D. Ill. 2008); *Mitchell v. Norman James Const. Co.*, 291 Ill. App. 3d 927, 934 (1st Dist. 1997); *Alexander v. Bank of America*, No. 08 C 4948, 2010 WL 152045, *3 (N.D. Ill. Jan. 15, 2010) (dismissing negligence claim against Bank of America because Bank of America did not owe a duty of care to the borrower); *ARH Distributors, Inc. v. ITT Commercial Finance Corp.*, 1987 WL 17834, *3 (N.D. Ill. Sept. 28, 1987) ("The relationship between a lender and a borrower under a contract is not a fiduciary relationship in which the lender owes a duty of care."). Thus, even if Defendants were parties to the Note and

Mortgage—which they are not—Plaintiff's negligence claim still would fail as a matter of law. *See id*. The Court should, therefore, dismiss Plaintiff's negligence claim with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff does not and cannot state a plausible claim for relief against Defendants, and therefore, the Court should dismiss Plaintiff's Complaint in its entirety, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: October 16, 2017                     Respectfully submitted,

*/s/ Joseph D. Kern*
Joseph D. Kern
ARDC No. 6306314
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
jkern@winston.com

## **CERTIFICATE OF SERVICE**

I, Joseph D. Kern, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: October 16, 2017 */s/ Joseph D. Kern*